UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEVIN BARNES

Plaintiff,

VERSUS

QUALITY FAB & MECHANICAL, L.L.C., QUALITY FAB & MECHANICAL CONTRACTORS, INC., ST. ROSE DRIVING RANGE, L.L.C., AND BRUCE M. BOURGEOIS

Defendants.

CIVIL ACTION

NO: 14-2020

SECTION: R(3)

**ORDER AND REASONS**

Defendants Quality Fab & Mechanical, Quality Fab & Mechanical Contractors, St. Rose Driving Range, and Bruce Bourgeois move the Court to dismiss plaintiff's Title VII sexual harassment claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants also move the Court to dismiss plaintiff's unjust enrichment claim under Rule 12(b)(6). The Court denies defendants' motion to dismiss plaintiff's sexual harassment claims because plaintiff has exhausted his administrative remedies and has pleaded sufficient facts to make out a hostile work environment claim. The Court grants defendants' motion to dismiss plaintiff's unjust enrichment claim because plaintiff has an alternative remedy at law.

## I. Background

Plaintiff alleges that he was hired by Bourgeois in June of 2013 to work as a assistant manager at St. Rose Driving Range. Although he was hired as an assistant manager at the driving range, plaintiff alleges that he regularly performed work for Quality Fab & Mechanical and Quality Fab & Mechanical Contractors. Plaintiff alleges that Bourgeois owns and operates all three corporate defendants.[1]

Plaintiff alleges that defendants improperly classified him as a "independent contractor" and failed to pay plaintiff overtime when he worked more than 40 hours a week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207. Plaintiff also asserts an unjust enrichment claim based on the same conduct.

Plaintiff also asserts a Title VII claim against all defendants based on Bourgeois' alleged sexual harassment of plaintiff throughout the course of his employment. The alleged harassment includes both verbal and physical harassment.[2] Plaintiff alleges that he quit working for defendants several times

---

[1] R. Doc. 1 at 2-3.

[2] *Id.* at 5-6 ("The harassment took many forms and included defendant Bourgeois telling plaintiff, 'I am going to fuck you,' grabbing plaintiff's nipples, grabbing and slapping his butt, calling plaintiff his 'little bitch,' telling plaintiff, 'I love you, you mother fucker,' trying to put plaintiff's hand in his pants or on his crotch, asking for a kiss and holding plaintiff against the bar to kiss him, biting plaintiff on the neck, rubbing plaintiff's neck and shoulders as well as other acts which will be proven at trial.").

because of Bourgeois's conduct but was forced to return because he needed the money.[3] The harassment culminated in December of 2013 when Bourgeois allegedly removed plaintiff's shirt, rubbed plaintiff's chest, and stuck his hands down plaintiff's pants. Plaintiff allegedly complained of Bourgeois's behavior to a manager, Peggy Labit, who spoke to Bourgeois about his conduct. As a result, Bourgeois allegedly attacked plaintiff in the St. Rose Driving Range parking lot and threatened to kill plaintiff if he complained to anyone else. After the December incidents, plaintiff "felt he had no alternative but to quit the job, and because he feared bodily harm by defendant Bourgeois, to claim he was quitting because he couldn't handle the night work."[4]

Plaintiff filed a Equal Employment Opportunity Commission ("EEOC") charge which identified Quality Fab & Mechanical, LLC as his employer.[5] In the charge worksheet, plaintiff indicated that the alleged discrimination was based on sex and that he was asserting a hostile work environment claim.[6] In the "dates discrimination took place" section, plaintiff indicated that the earliest discrimination took place around June 20, 2013 and the latest discrimination took place on December 8, 2013. Although

---

[3] *Id.* at 6.

[4] *Id.* at 7.

[5] R. Doc. 1-1 at 4.

[6] *Id.*

plaintiff indicated that the discrimination took place from his start date, June 20, 2013, until the day he quit, December 8, 2013, he did not check the "continuing action" box. Nevertheless, plaintiff stated that he was subjected to "inappropriate touching" by Bourgeois on December 3, 2013 and was constructively discharged on December 8, 2013 when Bourgeois attacked and threatened plaintiff. Plaintiff also alleged that "Mr. Bourgeois created a sexually hostile work environment in violation of Title VII . . . ."[7] The EEOC sent Bourgeois, in his capacity as the Human Resources Director of Quality Fab & Mechanical, LLC, notice of plaintiff's EEOC charge on March 6, 2014.[8] The EEOC never attempted conciliation; it sent Plaintiff his right to sue letter on June 11, 2014.[9]

On July 25, 2014, plaintiff's counsel sent Quality Fab & Mechanical[10] and Bruce M. Bourgeois a "notice of intent to seek court action" letter under La. Rev. Stat. § 23:303C. The letter provided Bourgeois with notice of plaintiff's intent to initiate court proceedings based on Bourgeois's "unwelcome verbal and physical conduct of a sexual nature" that "occurred throughout his

---

[7] *Id.*

[8] R. Doc. 16-1 at 18.

[9] *Id.* at 5.

[10] The letter was sent to the attention of Bruce Bourgeois in his capacity as the registered agent of Quality Fab and Mechanical, L.L.C.

employment and culminated with egregious conduct . . . on or about December 3, 2013."[11]

Defendants now move the Court to dismiss plaintiff's sexual harassment claims and his unjust enrichment claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. Legal Standard

*A. Rule 12(b)(1)*

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of jurisdiction over the subject matter of a claim. In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Marrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

*B. Rule 12(b)(6)*

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to “state a claim to relief that is

[11] *Id.* at 6-7.

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

*A. Quality Fab & Mechanical Contractors and St. Rose Driving Range's Motion to Dismiss under Rule 12(b)(1)*

Quality Fab & Mechanical Contractors and St. Rose Driving Range move to dismiss plaintiff's sexual harassment claims against them because plaintiff did not name either corporate defendant as his employer or as a respondent in his EEOC charge.[12] Quality Fab & Mechanical Contractors and St. Rose Driving Range further argue that plaintiff failed to send them a separate "notice of intent to seek court action" letter under La. Rev. Stat. § 23:303C. It is well-settled that courts have no jurisdiction to consider Title VII claims as to which the plaintiff has not exhausted administrative remedies. *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. of San Antonio*, 40 F.3d 698, 711 (5th Cir. 1994). Thus, the Fifth Circuit recognizes the general rule that "a party not named in an EEOC charge may not be sued under Title VII." *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988). This "naming requirement" reflects Congress' preference that workplace discrimination be addressed through voluntary conciliation in the EEOC process rather than through adversarial proceedings in the courts. *See* 42 U.S.C. § 2000e-5(f)(1). When applying the general rule, however, courts must liberally construe Title VII's "naming requirement so as to not frustrate claimants with needless procedural roadblocks."

[12] R. Doc. 10-1 at 6.

*E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). Accordingly, a party not named in an EEOC charge may still be sued under Title VII "if 'an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance.'" *Id.* at 483 (quoting *Eggleston v. Chi. Journeymen Plumbers Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981)). *See also Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985) ("Exceptions to [the naming requirement] have been recognized, however, when substantial identity exists between the parties before the EEOC and the trial court.").

Although plaintiff failed to name Quality Fab & Mechanical Contractors and St. Rose Driving Range in his EEOC charge, the Court finds that both corporate defendants had actual notice of the allegations contained in the EEOC charge. Indeed, plaintiff alleges, and defendants do not dispute, that all of the corporate defendants are owned and operated by Bourgeois.[13] It is further undisputed that Bourgeois received notice of the EEOC charge.[14] Thus, plaintiff's complaint and the undisputed facts demonstrate that notice to Bourgeois and Quality Fab & Mechanical was also

[13] R. Doc. 1 at 2-3.

[14] The EEOC "Notice of Charge of Discrimination" was sent to Bourgeois in his capacity as Human Resources Director at Quality Fab & Mechanical, LLC. R. Doc. 16-1 at 18.

notice to Quality Fab & Mechanical Contractors and St. Rose Driving Range.[15] *See Sedlacek*, 752 F.2d at 336 (when there is "substantial identity" between defendants, "notice to one was notice to the other"); *Eggleston*, 657 F.2d at 907 ("If a party has a close relationship with a named respondent, . . . and has actual notice of the EEOC charge . . . the [unnamed party] should not be heard to cry 'foul' when later made a defendant in a suit . . . ."). Moreover, the EEOC never attempted conciliation in this case.[16] Thus, neither Quality Fab & Mechanical Contractors nor St. Rose Driving Range was deprived of the opportunity to participate in EEOC proceedings. *See, e.g., Brodie v. New York City Transit Auth.*, Civ. A. No. 96-6813, 1998 WL 599710, at *7 (S.D.N.Y. Sept. 10, 1998) ("In general, where the EEOC makes no [effort at investigation or conciliation], courts will find that the unnamed party has experienced no prejudice."). Accordingly, the Court finds Quality Fab & Mechanical Contractors and St. Rose Driving Range's argument to be without merit. *See Parks v. Miss. Dep't of Transp.*, 380 F. Supp. 2d 776, 780 (N.D. Miss. 2005) (denying motion to dismiss where unnamed party had "notice of potential civil

---

[15] That service in the instant suit was effected on all three corporate defendant's at the same address–-17 Shadow Lane, Destrehan, Louisiana--further supports this conclusion. *See* R. Docs. 4, 5, and 6. Defendant Bourgeois is the registered agent for both Quality Fab & Mechanical defendants and his wife, Lorna Bourgeois, is the registered agent for St. Rose Driving Range.

[16] *See* R. Doc. 16-1 at 18.

liability").

The Court rejects Quality Fab & Mechanical Contractors and St. Rose Driving Range's "lack of notice" argument under La. R.S. 23:303(C) for the same reasons. *See Guidry v. Gulf Coast Teaching Family Servs.*, Civ. A. No. 12-1537, 2012 WL 5830576, at *3 (E.D. La. Nov. 16, 2012) ("Louisiana state and federal courts applying Louisiana law have held that the filing of an EEOC charge of discrimination satisfies [La. R.S. 23:303(C)'s] notice requirements . . . .") (internal quotations omitted).

Finally, the Court acknowledges that defendants' status *vel non* as a "single employer" or "joint employer" are legal questions that may have a significant bearing on plaintiff's Title VII and FLSA claims. Thus, the Court's holding should not be interpreted to preclude a properly supported motion for summary judgment on such issues. Instead, the Court merely holds that plaintiff has carried his initial burden of establishing this Court's jurisdiction over his Title VII claims against Quality Fab & Mechanical Contractors and St. Rose Driving Range.

*B. Defendants' Motion to Dismiss Plaintiff's Hostile Work Environment Claim*

All four defendants move to dismiss plaintiff's Title VII hostile work environment claim. Defendants' argument has two steps. First, defendants argue that the Court does not have jurisdiction to consider any acts of harassment alleged in the complaint that were not specifically identified in plaintiff's EEOC

charge. Second, defendants contend that if the Court limits its review to only those discrete acts referenced in the EEOC charge, it must find that plaintiff has failed to allege sufficiently severe or pervasive harassment to make out an actionable hostile work environment claim.

As stated above, a plaintiff must exhaust administrative remedies before filing suit under Title VII. *Nat'l Ass'n of Gov't Employees*, 40 F.3d at 711. Nevertheless, a Title VII action

> may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.

*Fine v. GAF Chem Corp.*, 995 F.2d 576, 578 (5th Cir. 1993) (internal citation omitted); *see also Young v. City of Hous., Tex.*, 906 F.2d 177, 179 (5th Cir. 1990) ("The scope of inquiry is not, however, limited to the *exact* charge brought to the EEOC."). "[T]his rule protects unlettered lay persons making complaints without legal training or the assistance of counsel." *Fine*, 995 F.2d at 578.

Here, plaintiff filed a charge with the EEOC on May 12, 2014.[17] He named defendant Quality Fab & Mechanical, LLC and checked the

---

[17] R. Doc. 1-1 at 4. The Court considers the EEOC charge without converting the motion into one for summary judgment because plaintiff attached the charge to his complaint and the charge is central to establishing his right to bring a civil action under Title VII. *See Masoodi v. Lockheed Martin Corp.*, Civ. A. No. 10-807, 2010 WL 2427741, at *1 n.2 (E.D. La. June 10, 2010) (considering a EEOC charge referred to in complaint and attached to defendant's motion to dismiss).

box for discrimination based on sex. Plaintiff also checked the "other" box and handwrote "sexually hostile work environment." Although plaintiff did not check the box for "continuing action," he provided June 20, 2013 as the date the earliest discrimination took place and December 8, 2013 as the date of the last discrimination. In the particulars of his charge section, plaintiff stated:

> On December 3, 2013 I was subjected to inappropriate touching by my supervisor/owner Bruce Bourgeois, Sr. On December 8, 2013 I was constructively discharged after being attacked and threatened by Mr. Bourgeois. . . . I believe I was discriminated against because Mr. Bourgeois created a sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended.[18]

"[H]ostile environment claims are different in kind from discrete acts" because "[t]heir very nature involves repeated conduct." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). Indeed, "[a] hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Id.* at 117 (quoting 42 U.S.C. § 2000e-5(e)(1)). As stated above, plaintiff's EEOC charge alleges that "Mr. Bourgeois created a sexually hostile work environment," and further states that the harassment began on June 20, 2013 and ended December 8, 2013 when plaintiff was constructively discharged. The scope of any investigation of plaintiff's hostile

[18] *Id.*

work environment claim, which by its "very nature involves repeated conduct," would therefore reasonably include an inquiry into Bourgeois' conduct between June 20 and December 8, 2013. *Id.* at 115. That plaintiff's EEOC charge specifically identified Bourgeois' conduct on December 3 and 8, 2013 does not limit this Court's review to those incidents. *See Gibson v. Potter*, Civ. A. No. 05-1942, 2007 WL 1428630, at *3 (E.D. La. May 10, 2007) (holding that allegations of sexual harassment occurring before date specified in the plaintiff's EEOC charge were "within the ambit of a reasonable investigation into the January 14, 2004 incident, and thus, are part of Plaintiff's Title VII hostile work environment claim"); *Holden v. Ill. Tool Works, Inc.*, Civ. A. No. 06-2981, 2008 WL 183334, at *6 (S.D. Tex. Jan. 18, 2008) (allegations of sexual harassment that predated incident detailed in EEOC charge were properly before court because the claims were not "entirely new acts of unlawful conduct" and did not "advance a new theory of liability of which [the defendant] had no notice"). Accordingly, the Court finds that plaintiff's allegations of sexual harassment occurring between June 20 and December 8, 2013 are properly before the Court. *See Hickingbottom v. UNICCO Gov't Servs., Inc.*, Civ. A. No. 10-894, 2010 WL 3720672, at *4 (E.D. La. Sept. 13, 2010) (court considered specific acts not contained in original EEOC charge because such acts were within scope of reasonable investigation into incident reported in EEOC charge).

Having rejected defendants' request to limit its review of Bourgeois' alleged conduct to the December 2013 incidents alone, the Court finds that plaintiff's complaint alleges sufficiently severe and pervasive harassment to make out a Title VII hostile work environment claim. "[A] plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive working environment." *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 873 (5th Cir. 1999) (internal quotations omitted). Title VII's prohibition on sexual discrimination in the workplace includes a prohibition on same-sex sexual harassment. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998). A prima facie case of a hostile work environment requires proof that

> (1) that the employee belongs to a protected class; (2) that the employee was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt remedial action.

*Id.* To affect a term, condition or privilege of employment, sexual harassment "must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *McKinnis v. Crescent Guardian, Inc.*, 189 F. App'x 307, 309 (5th Cir. 2006). To determine whether alleged harassment is sufficiently severe or pervasive, courts look at the totality of the circumstances including "the frequency of the

conduct, the severity of the conduct, the degree to which the conduct is physically threatening or humiliating, and the degree to which the conduct unreasonably interferes with an employee's work performance." *Weller v. Citation Oil & Gas Corp.*, 84 F.3d 191, 194 (5th Cir. 1996).

Here, plaintiff alleges that

> [s]hortly after commencing work, defendant Bourgeois began to sexually harass plaintiff. The harassment took many forms and included defendant Bourgeois telling plaintiff, "I am going to fuck you," grabbing and slapping his butt, calling plaintiff his "little bitch," telling plaintiff, "I love you, you mother fucker," trying to put plaintiff's hand in his pants or on his crotch, asking for a kiss and holding plaintiff against the bar to kiss him, biting plaintiff on the neck, rubbing plaintiff's neck and shoulders as well as other acts which will be proven at trial.[19]

The alleged harassment culminated in December of 2013 when Bourgeois allegedly removed plaintiff's shirt, rubbed plaintiff's bare chest, and stuck his hand down the back of plaintiff's pants.[20] When plaintiff complained about Bourgeois's conduct, Bourgeois allegedly threw plaintiff against a car, ripped plaintiff's shirt, and threatened to kill plaintiff if he complained further.[21]

Plaintiff has pleaded sufficient facts to make out a viable hostile work environment claim. Plaintiff's complaint contains descriptions of sexual harassment that allegedly occurred

---

[19] R. Doc. 1 at 6.

[20] *Id.* at 6-7.

[21] *Id.* at 7.

repeatedly over the course of plaintiff's six-month employment. The alleged conduct includes both verbal and physical harassment, including the unwanted touching of plaintiff's intimate body parts. *See Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 436 (5th Cir. 2005) ("Undoubtedly, the deliberate and unwanted touching of [plaintiff's] intimate body parts can constitute severe sexual harassment.") (citing *Worth v. Tyer*, 276 F.3d 249, 268 (7th Cir. 2001) ("[D]irect contact with an intimate body part constitutes one of the most severe forms of sexual harassment.")). Courts in this district have consistently denied motions to dismiss on allegations of conduct less severe and pervasive than that alleged here. *See, e.g., Royal v. CCC & R Arboles, L.L.C.*, 736 F.3d 396, 401-02 (5th Cir. 2013) (evidence of "[t]he sniffing and hovering over a woman, by two men, in a small, confined space" and comment that defendant "needed a release" sufficed to create jury question on plaintiff's hostile work environment claim); *Steward v. Caton*, Civ. A. No. 13-823, 2013 WL 4459981, at *7 (E.D. La. Aug. 16, 2013) (plaintiff sufficiently pleaded hostile work environment claim when plaintiff alleged that defendant "lifted her shirt and touched her breasts, installed cameras to look down her shirt, and made repeated comments of a sexual and/or derogatory nature"); *E.E.O.C. v. Jamal & Kamal, Inc.*, Civ. A. No. 05-2667, 2006 WL 285143, at *2 (E.D. La. Feb. 7, 2006) (denying defendant's motion to dismiss when plaintiff alleged "unwelcome and offensive sexual overtures, the initiation

of graphic, sexually-oriented conversations, and touching and rubbing"). Accordingly, the Court denies defendants' motion to dismiss plaintiff's Title VII hostile work environment claim.

*C. Defendants' Motion to Dismiss Plaintiff's Unjust Enrichment Claim*

Defendants move to dismiss plaintiff's unjust enrichment claim because it is duplicative of his FLSA claim. Plaintiff concedes that this claim should be dismissed.[22] Because unjust enrichment claims are viable only if plaintiff has no other remedy at law, the Court dismisses plaintiff's unjust enrichment claim. *See Melancon v. Countrywide Bank*, Civ. A. No. 10-1723, 2011 WL 692051, at *9 (E.D. La. Feb. 18, 2011).

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's Title VII claim is DENIED. Defendants' motion to dismiss plaintiff's unjust enrichment claim is GRANTED.

New Orleans, Louisiana, this 7th day of April, 2015.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

[22] R. Doc. 16 at 18.